UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MATTHEW MATARA OGECHI,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 07-1374 (PAM/AJB)

**REPORT AND RECOMMENDATION**

---

The above-entitled matter is before the undersigned Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that all of Petitioner's habeas corpus claims have been procedurally defaulted, and cannot be entertained on the merits here.  The Court will therefore recommend that Petitioner's application for a writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In March 2004, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on a charge of third degree criminal sexual conduct.  As a result of that conviction, Petitioner was sentenced to 48 months in state prison.  When he filed his

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

current petition, he was serving his sentence at the Minnesota Correctional Facility at Moose Lake, Minnesota.[2] (Petition, [Docket No. 1], p. (2), ¶s 1-6.)

After Petitioner was convicted and sentenced, he filed a direct appeal, which presented just one ground for relief. Petitioner has described the claim as "[a] constitutional violation of a right to counsel to present me at trial." (Id., p. (3), ¶ 9(d).) The Minnesota Court of Appeals described this claim as follows: "[B]y denying [Petitioner's] motions for a continuance, the [state] district court deprived him of his constitutional right to the assistance of counsel and forced him to represent himself without obtaining a valid waiver of the right to counsel." State v. Matara-Ogechi, No. A05-1275 (Minn.App. 2006), 2006 WL 2129744 (unpublished opinion) at * 3, rev. denied, Sept. 27, 2006.[3] The State Court of Appeals rejected Petitioner's one claim for relief and affirmed his conviction and sentence. Id.

Thereafter, Petitioner filed a petition for further review in the Minnesota Supreme Court, in which he raised the same single claim for relief that he had presented to the State

---

[2] It appears that Petitioner completed his sentence shortly after he filed his petition, and that he is no longer incarcerated. However, Petitioner still satisfies the "in custody" requirement of 28 U.S.C. § 2254(a), because he was in prison when this action was filed. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) ("[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

[3] Petitioner presented several additional claims in a pro se brief to the Court of Appeals, but those claims were not properly before the Court, because Petitioner did not "brief the issues adequately or provide any legal authority in support" of them. Matara-Ogechi, 2006 WL 2129744 at *5. Petitioner's pro se claims were found to be "waived," and were not considered by the Court. Id.

Court of Appeals.   (Petition, p. (3), ¶ 9(e)(4).)   The Minnesota Supreme Court denied Petitioner's request for further review on September 27, 2006.

Sometime after Petitioner's conviction was affirmed on direct appeal, he filed a post-conviction motion in the trial court.   There, Petitioner argued:

> "[1] A violation of a right to competency hearing before I could proceed pro se that was not considered at all or given a chance to occur or ever petitioned; (2) A right to confront my accusers that was not allowed to happen; (3) A violation of probable cause development; (4) A forced and inadequate testimonial expert that I discovered violating the Minnesota Rules of Evidences."

(Petition, pp. (3)-(4), ¶ 11(a) (3).)

The present record does not indicate when or how Petitioner's post-conviction motion was adjudicated.   (See id., ¶ 11(a)(5)-(6).)   It is evident, however, that Petitioner must not have been granted the relief he was seeking, as he is still challenging his conviction and sentence here.   Petitioner apparently did not seek further review of the trial court's ruling on his post-conviction motion.   (Id., ¶ 11(c).)

Petitioner's current habeas corpus petition was filed on March 1, 2007.   This petition lists the following claims for relief:

(1) That Petitioner was deprived of his constitutional right to effective assistance of counsel, because his defense lawyer –

(a) failed to ensure that the accusations against Petitioner were based on "true facts,"

(b) failed to bring an adequate discovery motion, and

(c) lied to Petitioner and the judge.

(2) That the prosecutor violated Petitioner's constitutional rights by –

(a) failing to disclose certain evidence favorable to the defense, even after the prosecutor was ordered to do so, and

(b) conspiring with the judge to "silence[ ]" Petitioner, and prevent him from confronting his accusers, (including police officers who allegedly "lie[d] about the case").

(3) That Petitioner's constitutional right against self-incrimination was violated, because –

(a) Petitioner was suffering from post traumatic stress, which caused him to make comments that the prosecutor used to prove his guilt, and

(b) Petitioner had a "bad reaction" to medications he was taking, and was forced to continue with his trial, despite his request for a doctor or psychiatrist.

(4) That Petitioner was denied a competency hearing; that Petitioner's attorney failed to request a competency hearing; that the trial court failed to consider the competency issue; and finally, that "three quarters of the issues were made up by one of the police officers and were all ignored when confronted to be an issue by the Judge but they were an issue to be believed that a crime was committed."

(Petition, pp. (5)-(6), ¶ 12.)

As discussed below, the Court finds that none of Petitioner's current habeas corpus claims has been fairly presented to the Minnesota Supreme Court, and that it is now too

late for that to occur.  Therefore, this case must be dismissed, in its entirety, based on the principles of procedural default.


## II.  DISCUSSION

### A.  Applicable Legal Principles

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added).  In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court.  Id. at 847.  See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)").  In Minnesota,

5

a claim must be fairly presented to the Minnesota Supreme Court before it can be raised and decided in a federal habeas corpus proceeding.

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims).  A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim.  Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in

the conviction of one who is <u>actually innocent</u>.'" <u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1161 (1996) (emphasis added), <u>quoting</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).  In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted.[4]

B.  <u>Petitioner's Procedural Default</u>

In this case, all of Petitioner's current habeas corpus claims have been procedurally defaulted, because not one of them has been fairly presented to the highest available state court, (namely the Minnesota Supreme Court), and it is now too late to do so.  Only one ground for relief was properly presented to, and considered on the merits by, the Minnesota appellate courts – namely, Petitioner's claim that he was deprived of his constitutional right

---

[4]     "The actual innocence exception is concerned with claims of actual, not legal innocence.  <u>Anderson v. United States</u>, 25 F.3d 704, 707 (8th Cir. 1994).  It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception.  Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [<u>Schlup</u>, 513 U.S. at 324.]  Examples of evidence which may establish factual innocence include credible declarations of guilt by another, <u>see</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, <u>see</u> <u>Schlup</u>, 513 U.S. [at 324]... and exculpatory scientific evidence."

<u>Pitts v. Norris</u>, 85 F.3d 348, 350-51 (8th Cir.), <u>cert</u>. <u>denied</u>, 519 U.S. 972 (1996).  For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" <u>Johnson v. Norris</u>, 170 F.3d 816, 817 (8th Cir. 1999), quoting <u>Armine v. Bowersox</u>, 128 F.3d 1222, 1230 (8th Cir. 1997) (<u>en</u> <u>banc</u>), <u>cert</u>. <u>denied</u>, 523 U.S. 1123 (1998).

to counsel altogether, because he was forced to represent himself, without having given a valid waiver of his right to counsel.  <u>Matara-Ogechi</u>, 2006 WL 2129744 at * 3.[5]  The habeas claims presented here are different from the one claim that was properly presented to the Minnesota Supreme Court, which means that none of the claims presented here has been fairly presented to the Minnesota Supreme Court.

Furthermore, it is now too late for Petitioner to attempt to present any of his current habeas claims to the Minnesota Supreme Court.  "Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'"  <u>McCall</u>, 114 F.3d at 757, citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995).  All of Petitioner's current claims for relief were known to him, (or at least were obvious and readily knowable), when he pursued his direct appeal.  Therefore, Minnesota's procedural rules preclude Petitioner from attempting to raise those claims in the state courts at this late date – i.e., well after the completion of his direct appeal.  This means that Petitioner's current claims for relief are not merely "unexhausted," (because they have not been previously raised in the state courts); they are, in fact, "procedurally defaulted," because Petitioner is now procedurally barred from raising his current claims in the state courts.  See <u>McCall</u>, 114 F.3d at 757-58

---

[5]  As noted above, (<u>see</u> n. 3, <u>supra</u>), Petitioner apparently attempted to present some additional pro se arguments in the Minnesota Court of Appeals, but those claims were not fairly presented to the Court, because they were not raised in accordance with Minnesota's procedural rules.  <u>Matara-Ogechi</u>, 2006 WL 2129744 at * 5.  Furthermore, the present petition indicates that those pro se arguments were not presented to the Minnesota Supreme Court.  (Petition, p. (3), ¶ 9(e)(4).)  Thus, the only claim for which Plaintiff has exhausted his state court remedies is the invalid waiver of counsel claim identified in the text.

(where there was no evidence that Minnesota prisoner's habeas claims "were unknown, or so novel that their legal basis was unknown, at the time of his direct appeal," he "defaulted on these claims because he failed to pursue them on direct appeal").

    C.  <u>Cause and Prejudice/Actual Innocence</u>

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default.  Petitioner has not specifically attempted to satisfy either the cause and prejudice standard, or the actual innocence standard, and the Court cannot independently discern any proper basis to excuse his procedural default.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner.  <u>Coleman</u>, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)) (emphasis in the original).

Petitioner contends that some of his current claims were not presented to the state courts because he "relied on a public defender [to] do it but she refused."  (Petition, p. (6), ¶ 13.)  If Petitioner is contending that his procedural default should be excused because it was caused by ineffective assistance of counsel, that argument must be rejected. Ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the proffered ineffective assistance argument has been fairly presented to the state

9

courts as an independent challenge to the validity of the conviction at issue.  Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489).  See also Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding").  Petitioner has not presented an ineffective assistance of counsel claim to the Minnesota Supreme Court, so ineffective assistance of counsel cannot serve as cause for his procedural default.

Petitioner further contends that he tried to raise some claims in his direct appeal, but the Court of Appeals refused to consider them, because they "were not legally argued" by him.  (Petition, p. (6), ¶ 13; see n. 3, supra.)  Petitioner seems to be suggesting that his own inability to properly present his claims on direct appeal should be viewed as cause to excuse his procedural default.  However, Petitioner's own lack of legal skill, and lack of familiarity with state court procedures, cannot satisfy the cause requirement.  Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (petitioner's "pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default"); Smittie, 843 F.2d at 298 (habeas petitioners cannot escape the exhaustion of state remedies requirement by alleging "procedural ignorance"); Sherron v. Norris, 69 F.3d 285 (8th Cir. 1995) ("[w]e have held that pro se status standing alone is insufficient to establish cause for a procedural default").

Thus, the Court finds that Petitioner is unable to show any legally viable external cause to excuse his procedural default.  Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component.  Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted.  All of Petitioner's current claims for relief pertain to errors that allegedly occurred before or during his trial, which purportedly affected the fairness of his prosecution and trial.  He has not cited any new and previously undiscoverable evidence, which would prove that he is, in fact, innocent of the crime for which he was convicted.  Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

## III. CONCLUSION

The Court finds that all of Petitioner's claims have been procedurally defaulted, because he has not presented any of them to the Minnesota Supreme Court, and it is now too late for him to do so.  Moreover, Petitioner cannot overcome his procedural default, either by satisfying the cause and prejudice requirement, or by presenting new evidence establishing his actual innocence.  Thus, the Court concludes that none of Petitioner's current habeas corpus claims can properly be entertained on the merits here, and that this action must be summarily dismissed with prejudice.

11

Lastly, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because the instant petition cannot be entertained in federal court, Petitioner's IFP application must be denied.   See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.  Petitioner's application for a writ of habeas corpus be summarily **DISMISSED WITHOUT PREJUDICE**.


Dated:  April 2, 2007

　　　　　　　　　　　　　 s/ Arthur J. Boylan
　　　　　　　　　　　　　Arthur J. Boylan
　　　　　　　　　　　　　United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 20, 2007.