UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mathew Matara-Ogechi,                          Civil No. 07-1374 (PAM/AJB)

          Petitioner,

v.                                                                             **ORDER**

State of Minnesota,

          Respondent.
_____

The above-entitled matter is before the Court on Respondent's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Arthur J. Boylan on April 2, 2007. The R&R recommends that the Court deny Petitioner's application to proceed in forma pauperis and dismiss Petitioner's writ of habeas corpus without prejudice. The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review, the Court overrules the Objections, adopts the R&R, and dismisses this case without prejudice.

In March 2004, Petitioner was convicted in Minnesota state court on a charge of third-degree criminal sexual conduct. He was sentenced to forty-eight months in state prison. Petitioner filed a direct appeal, arguing that the trial court deprived him of his constitutional right to assistance of counsel. The Minnesota Court of Appeals rejected Petitioner's claim for relief and affirmed his conviction and sentence. State v. Matara-Ogechi, No. A05-1275, 2006 WL 2129744, at *3 (Minn. Ct. App. Aug. 1, 2006). The Minnesota Supreme Court denied review of the appeal on September 27, 2006. Petitioner filed the instant petition for writ of habeas corpus on March 1, 2007.

In his Objections, Petitioner argues that he was denied a competency hearing, that his public defender refused to raise all relevant issues on direct appeal, and that his conviction was obtained by violating his privilege against self-incrimination and his right to exculpatory evidence. Petitioner did not raise these issues in his appeal to the Minnesota Court of Appeals.

When a petitioner has failed to fairly present federal claims in state court, the federal court must determine whether the state procedural rules would allow hearing the claims on the merits in a subsequent state court proceeding. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). If state procedural rules preclude hearing the petitioner's claims on the merits, the petitioner has procedurally defaulted unless the petitioner is able to demonstrate either cause for his default and actual prejudice or that the failure to consider were claims would result in a fundamental miscarriage of justice. Id.

The R&R properly found that Petitioner has procedurally defaulted on the claims raised in the petition because Petitioner failed to fairly present these claims to the Minnesota appellate court. Further, Petitioner has failed to show any prejudice or a potential for a fundamental miscarriage of justice. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed in forma pauperis (Docket No. 2) is **DENIED**;

2. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. The R&R (Docket No. 5) is **ADOPTED**;

4. Petitioner's Objections to the R&R (Docket Nos. 6, 7, 8, 9, 10) are

      **OVERRULED**;

5. Petitioner's Request to Review His File (Docket No. 12) is **GRANTED**; and

6. This action is **DISMISSED without prejudice**.

Dated:  April 18, 2007

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge