UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mathew Matara-Ogechi,                                        Civil No. 07-1374 (PAM/AJB)

        Petitioner,

v.                                                                                        **ORDER**

State of Minnesota,

        Respondent.
_____

This matter is before the Court on several motions filed by Petitioner. For the reasons that follow, the Court grants the Motion to Expedite and the Motion for Leave to Appeal in Forma Pauperis (IFP). However, the Court denies the Motion for Reconsideration and the Motion for a Certificate of Appealability (COA).

**A.    Motion for Reconsideration**

On April 18, 2007, the Court overruled Petitioner's objections and adopted a Report and Recommendation (R&R) issued by Magistrate Judge Arthur J. Boylan.[1] The Court dismissed Petitioner's writ of habeas corpus because Petitioner had procedurally defaulted the claims raised in his petition. Petitioner now asks the Court to reconsider, submitting that the procedural default was not his fault.

The Court will not address the merits of a claim that has been procedurally defaulted unless Petitioner can demonstrate either (1) cause for his default and actual prejudice or (2) that the failure to consider the claims would result in a fundamental miscarriage of justice.

---

[1] In the April 18, 2007 order, the Court stated that Respondent had objected to the R&R. This was incorrect. Petitioner—and not Respondent—objected to the R&R.

McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  To satisfy the cause requirement, Petitioner must show that an external obstruction prevented him from presenting his claims to the Minnesota Supreme Court in a timely and procedurally proper manner.  Coleman v. Thompson, 501 U.S. 722, 753 (1991).

Petitioner contends that his procedural default should be excused because his public defender refused to present the claims to the state courts.  However, a claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for a procedural default.  Edwards v. Carpenter, 529 U.S. 446, 452 (2000).  Petitioner did not advance an ineffective assistance of counsel claim to the state courts.  Rather, he asserted that his constitutional right to counsel was violated because the trial court denied his motions for continuances and forced him to represented himself.  Because Petitioner did not raise an ineffective assistance of counsel claim to the state courts, the claim cannot serve as cause for his procedural default.  Therefore, the Court denies the Motion for Reconsideration.

**B.     Certificate of Appealability**

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

The Supreme Court has explained:

When the district court denies a habeas petition on procedural grounds without

> reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996); see also Slack, 529 U.S. at 484 (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

In this case, Petitioner would like the Eighth Circuit Court of Appeals to review the dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254, as well as the denial of his application to proceed IFP. The claims raised in the petition are clearly procedurally defaulted. Moreover, Petitioner has failed to show cause or prejudice. Consequently, the Court will not issue a COA. See Langley v. Norris, 465 F.3d 861, 863 (8th Cir. 2006).

**C.    IFP Application**

Petitioner also seeks to proceed IFP on appeal. A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See Federal Rule of Appellate Procedure 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. §

1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has no significant income or assets. Based on this information, the Court finds that Petitioner is financially eligible for IFP status. Although the Court is confident that dismissal of the petition was appropriate and correct, the Court concludes that the appeal is not legally frivolous and is in good faith for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Thus, Petitioner's Motion for Leave to Appeal IFP is granted.

**CONCLUSION**

1. Petitioner's Motion for Reconsideration (Docket No. 15) is **DENIED**;

2. Petitioner's Motion for Leave to Appeal IFP (Docket No. 17) is **GRANTED**;

3. Petitioner's Motion for a COA (Docket No. 18) is **DENIED**;

4. Petitioner's Motion to Expedite (Docket No. 19) is **GRANTED**.

Dated: May 21, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge